United States District Court
Southern District of Texas
**ENTERED**
October 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DOMINGO ORTIZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-432 |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers "U.S. Bank's Motion for Summary Judgment on its Counterclaim,"[1] filed by U.S. Bank National Association ("Defendant") on June 27, 2016, to which Domingo Ortiz ("Mr. Ortiz") and Dora Ortiz ("Mrs. Ortiz") (collectively "Plaintiffs") filed an untimely response.[2] In turn, Defendant filed a reply.[3]

After considering the motion, response, reply, record, and authorities, the Court **GRANTS** the motion for summary judgment.

### I.    Background

Plaintiffs' complaint provides practically no guidance to the Court in establishing the relationship among the parties and the facts giving rise to this lawsuit. In fact, not only is the complaint extremely uninformative, but there is no attached exhibit even though the complaint indicates that "Plaintiffs verify each and every fact set forth herein by the verification attached as Exhibit A."[4] As a result, the Court must rely on Defendant's filings to understand the relevant facts and timeline of events.

---

[1] Dkt. No. 6.
[2] Dkt. No. 15.
[3] Dkt. No. 16.
[4] Dkt. No. 1-2, at p. 3.

On September 8, 2006, Mrs. Ortiz received a loan for $73,000.00 from Argent Mortgage Company, LLC ("Argent") by signing a Texas Home Equity Adjustable Rate Note ("Note").[5] Under the Note, Mrs. Ortiz promised to repay $73,000.00 plus interest in monthly installments from November 1, 2006 to October 1, 2036, with any remaining balance due in the final installment.[6] Plaintiffs signed a Texas Home Equity Security Interest ("Security Interest") securing the financial obligations under the Note by granting a lien to Argent against their property at 224 E. Saint John Drive, Pharr, Texas 78577 ("Plaintiffs' property"), with the following legal description:

> Lot Nineteen (19), Block Sixteen (16), HIDALGO PARK ESTATES, an addition to the City of Pharr, Hidalgo County, Texas, according to the map or plat thereof recorded in Volume 14, Page 12, Map Records, Hidalgo County, Texas, reference to which is here made for all purposes.[7]

At the time the Note was executed, there was an existing security instrument recorded in the Hidalgo County real property records granting a lien in Plaintiffs' property to Ameriquest Mortgage Property ("Ameriquest").[8] On November 8, 2006, Ameriquest recorded a release of its lien.[9]

On November 25, 2010, Argent assigned the Note and deed of trust to CitiMortgage Inc. ("CitiMortgage").[10] After Plaintiffs "failed to remit the installment payment due for January 1, 2011 and the installments that have become due after that[,]"[11] CitiMortgage notified Plaintiffs that they were in default and had thirty days to cure the default or else the loan would be accelerated.[12] On March 12, 2013, CitiMortgage assigned the deed of trust to Defendant.[13] After

---

[5] Dkt. No. 6-1.
[6] *Id.* at p. 2.
[7] Dkt. No. 6-2, at p. 5.
[8] Dkt. No. 6-3.
[9] Dkt. No. 6-4.
[10] Dkt. No. 14-1, Ex. 1-C.
[11] Dkt. No. 6, at p. 2.
[12] Dkt. No. 14-1, Ex. 1-E.

Plaintiffs failed to timely and properly cure the default, Defendant accelerated the maturity of the loan.[14] As of July 2, 2015, the amount due and owning was $110,809.89, with accruing interest at a rate of 11.8%.[15]

On September 24, 2015, Plaintiffs filed a lawsuit against Defendant in state court.[16] The complaint appears to allege two factually unsupported claims: (1) Defendant "is in violation of dual tracking" and (2) that a statute of limitations issue is somehow implicated.[17] On October 23, 2015, Defendant filed a motion to dismiss for failure to state a claim.[18] That same day, Defendant also filed a counterclaim against Plaintiffs.[19] In the counterclaim, Defendant requests a declaratory judgment,[20] sues for a judicial foreclosure,[21] requests a judgment for writ of possession,[22] and sues to be subrogated for the lien interests it has paid to discharge.[23] On December 17, 2015, the Court granted the motion to dismiss for failure to state a claim.[24] Thereafter, on June 27, 2016, Defendant filed the instant motion for summary judgment on its counterclaim.[25]

## II.    Summary Judgment Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[26] A fact is "material" if its resolution could affect the outcome of the action,[27] while a

---

[13] *Id.* Ex. 1-D.
[14] Dkt. No. 6, at p. 3.
[15] Dkt. No. 14, at p. 2.
[16] Dkt. No.1-2.
[17] *Id.* at p. 4.
[18] Dkt. No. 5.
[19] Dkt. No. 6.
[20] *Id.* at p. 3.
[21] *Id.* at p. 4.
[22] *Id.* at p. 4.
[23] *Id.* at p. 5.
[24] Dkt. No. 13.
[25] Dkt. No. 14.
[26] Fed. R. Civ. P. 56(a).

"genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[28] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."[29]

In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[30] In this showing, "bald assertions of ultimate fact" are insufficient.[31] Absent a sufficient showing, summary judgment is not warranted, the analysis is ended, and the non-movant need not defend the motion.[32] On the other hand, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[33] If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[34] This demonstration must specifically indicate facts and their significance,[35] and cannot consist solely of "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[36]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[37] Thus, although the Court refrains from determinations of credibility and evidentiary weight, the Court nonetheless gives credence to all evidence favoring the non-movant; on the other hand, regarding evidence that favors the

---

[27] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, Inc., 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).

[28] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).

[29] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[30] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[31] *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978) (citation omitted).

[32] *See Celotex Corp.*, 477 U.S. at 323.

[33] *See id.* at 323–25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995).

[34] *See id.*

[35] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[36] *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).

[37] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).

movant, the Court gives credence to evidence that is uncontradicted and unimpeachable, but disregards evidence the jury is not required to believe.[38] Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[39] Parties may cite to any part of the record, or bring evidence in the motion and response.[40] By either method, parties need not proffer evidence in a form admissible at trial,[41] but must proffer evidence substantively admissible at trial.[42]

### III.   Discussion

In the instant motion for summary judgment on its counterclaim, Defendant asserts entitlement to (1) judicial foreclosure and (2) writ of possession.

### a.   *Judicial Foreclosure*

To foreclose under a security interest in Texas, the lender must show that: "(1) a debt exists; (2) the debt is secured by a lien created under Article 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration."[43]

### i.   *The Debt*

While Plaintiffs assert that they "*purportedly* entered into a home equity financing agreement,"[44] Defendant attached the Note, with a principal amount of $73,000.00, as an exhibit. As of July 2, 2015, the amount due and owning was $110,809.89.[45] This amount increases daily

---

[38] *See id.*
[39] *See* FED. R. CIV. P. 56(e).
[40] *See* FED. R. CIV. P. 56(c).
[41] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[42] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[43] *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. Dec. 19, 2013) (citing TEX. PROP. CODE § 51.002).
[44] Dkt. No. 1-2, at p. 3 (emphasis added).
[45] Dkt. No. 14, at p. 2.

because of accrued interest and additional fees. Defendant has presented sufficient evidence to establish this first element as a matter of law.

### ii. The Debt is Secured by the Security Instrument

Defendant attached a copy of the Security Interest, a lien created under Article 16, § 50(a)(6) of the Texas Constitution for home equity loans, that was filed in the Hidalgo County real property records.[46] The Security Interest creates a first lien mortgage on the home, thus authorizing foreclosure upon a default. Plaintiffs do not contest the existence of the Security Interest or the nature of the lien. Defendant has presented sufficient evidence to establish this second element as a matter of law.

### iii. Plaintiffs' Default

Plaintiffs do not dispute that they have defaulted on their obligations under the Note and Security Interest. Plaintiffs do not provide any evidence contesting Defendant's assertion that there was no payment for the installment due on January 1, 2011, and no later payments have been tendered.[47] Defendant has presented sufficient evidence to establish this third element as a matter of law.

### iv. Defendant's Notice of Default and Acceleration

"The Property Code requires the mortgage servicer to serve a debtor in default with written notice by certified mail stating that the note is in default and providing at least 20 days to cure before any notice of sale can be given."[48] Here, the Note and Security Interest provided thirty days to cure the default.[49] On November 3, 2014, Defendant, through its mortgage servicer

---

[46] Dkt. No. 6-2.
[47] Dkt. No. 6, at p. 2.
[48] *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. Dec. 19, 2013) (citing TEX. PROP. CODE § 51.002(d).
[49] Dkt. No. 6-1, at p. 4; Dkt. No. 6-2, at p. 15.

CitiMortgage, sent Plaintiffs notice of default and acceleration via certified mail.[50] The notice of default and acceleration was delivered on November 6, 2014.[51] Defendant has presented sufficient evidence to establish this fourth element as a matter of law.

Since Defendant has established all four elements, the Court grants its request for a judgment of foreclosure against Plaintiffs.

### b. Writ of Possession

Texas Rule of Civil Procedure 310 provides as follows:

> When an order foreclosing a lien upon real estate is made in a suit having for its object the foreclosure of such lien, such order shall have all the force and effect of a writ of possession as between the parties to the foreclosure suit and any person claiming under the defendant to such suit by any right acquired pending such suit; and the court shall so direct in the judgment providing for the issuance of such order. The sheriff or other officer executing such order of sale shall proceed by virtue of such of sale to place the purchaser of the property sold thereunder in possession thereof within thirty days after the day of sale.[52]

As a result, the judgment of foreclosure against Plaintiffs has the force and effect of a writ of possession.

### IV. Holding

For the foregoing reasons, the Court **GRANTS** the motion for summary judgment. A separate final judgment shall be entered.

IT IS SO ORDERED.

*DONE at McAllen, Texas, this 20th day of October, 2016.*

*Micaela Alvarez*
*United States District Judge*

---

[50] Dkt. No. 14-1, Ex. 1-E, at p. 33.
[51] *Id.*
[52] Tex. R. Civ. P. 310.